Filed 8/29/22 P. v. Potter CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C095757 |
| Plaintiff and Respondent, | (Super. Ct. No. 20F5113) |
| v. | |
| JOSHUA ALLEN POTTER, | |
| Defendant and Appellant. | |

In August 2020, defendant Joshua Allen Potter lit a fire by the side of a road. He suffered from mental illness and was under the influence of methamphetamine at the time. He was charged with arson during a state of emergency.

In September 2020, a doubt was declared regarding defendant's competence to stand trial pursuant to Penal Code section 1368, and the trial court suspended proceedings. The court found defendant competent in January 2021 and resumed proceedings.

In March 2021, defendant pled no contest to arson and admitted the enhancement that the arson occurred during a state of emergency. In May 2021, the trial court

1

suspended imposition of sentence and ordered defendant serve two years' probation. The court also imposed a $300 restitution fine, a corresponding $300 probation revocation fine (suspended unless probation is revoked), a $40 court operations fee, and a $30 criminal conviction assessment fee. Defendant waived custody credits.

In October 2021, a petition was filed to revoke defendant's probation, alleging defendant had: (1) failed to register with probation; and (2) committed a new crime. During a hearing that same day, a doubt was declared regarding defendant's competence to stand trial pursuant to Penal Code section 1368, and the trial court suspended proceedings.

The trial court found defendant competent to stand trial and reinstated proceedings in December 2021. During the same hearing, defendant admitted to violating probation.

During the February 2022 sentencing hearing, the trial court denied defense counsel's request to dismiss the enhancement. The court denied probation and sentenced defendant to state prison for the low term of five years. The court awarded 204 days of custody credit. After finding defendant unable to pay any fines and fees, the court permanently stayed all previously imposed fines and fees and declined to impose any additional fines and fees. The abstract of judgment does not list any fines or fees.

Defendant did not obtain a certificate of probable cause on appeal.

### DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

In our review of the record, we note that the abstract of judgment does not list the following fines and fees that were imposed but permanently stayed by the trial court during the February 2022 sentencing hearing: a $300 restitution fine, a $300 probation

2

revocation fine, a $40 court operations fee, and a $30 criminal conviction assessment fee. It has long been held that where there is a discrepancy between the oral pronouncement of judgment and the minute order, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We will order the trial court to correct the abstract of judgment.

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court is directed to correct the abstract of judgment to reflect the fees and fines imposed, and to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is affirmed.


/s/
Robie, Acting P. J.



We concur:



/s/
Renner, J.



/s/
Earl, J.


3